# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda

12/01/2021

Chad Finke, Executive Officer / Clerk of the Court

By: _____Curtiyah Ganter_____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ST. JUDE, MEDICAL CARDIOLOGY DIVISION, INC, a corporation; ABBOTT LABORATORIES, a corporation; and DOES 1 through 20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRADLEY CASTILLO, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Oakland - Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, California 94612 | CASE NUMBER: *(Número del Caso):* 21CV003397 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aaron Colby; Colby Law Firm, PC; 13263 Ventura Boulevard, Suite 203, Studio City, California 91604, 818.253.1599

| DATE: *(Fecha)* 12/01/2021 | Chad Finke, Executive Officer / Clerk of the Court Clerk, by *(Secretario)* Curtiyah Ganter | Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*:  ABBOTT LABORATORIES, a corporation
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

**SUMMONS**

AARON N. COLBY (State Bar No. 247339)
  aaron@colbylegal.com
COLBY LAW FIRM, PC
13263 Ventura Boulevard, Suite 203
Studio City, California 91604
Telephone: (818) 253-1599
Fax: (818) 475-1981

Attorneys for Plaintiff
BRADLEY CASTILLO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/01/2021 at 03:03:53 PM**
By: Curtiyah Ganter, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

BRADLEY CASTILLO, an individual,

              Plaintiff,

    vs.

ST. JUDE, MEDICAL CARDIOLOGY DIVISION, INC, a corporation; ABBOTT LABORATORIES, a corporation; and DOES 1 through 20 inclusive,

           Defendant.

Case No. 21CV003397

PLAINTIFF'S COMPLAINT FOR:
1. WRONGFUL TERMINATION (TORT)
2. AGE DISCRIMINATION (GOV'T CODE § 12940(A))
3. RETALIATION FOR HARASSMENT AND/OR DISCRIMINATION COMPLAINTS (GOV'T CODE § 12940(H))
4. FAILURE TO PREVENT (GOV'T CODE § 12940(K))
5. RETALIATION FOR REFUSING AND/OR COMPLAINING ABOUT ILLEGAL CONDUCT (LABOR CODE § 1102.5)
6. FAILURE TO PRODUCE PERSONNEL FILE (LABOR CODE 1198.5)

JURY TRIAL DEMANDED

Plaintiff Bradley Castillo ("Plaintiff") alleges as follows, based on knowledge as to Plaintiff's own acts/interactions, and based on information and belief as to all other matters:

### PARTIES | JURISDICTION | VENUE

1.      Defendant St. Jude Medical, Cardiology Division, Inc. ("Defendant St. Jude") is a corporation with its principal place of business located at 6035 Stoneridge Drive, Pleasanton, California 94588.

2.      Defendant Abbott Laboratories ("Defendant Abbott"). is a corporation with its principal place of business located at 6035 Stoneridge Drive, Pleasanton, California 94588.

3.      Plaintiff, at all times relevant hereto, is and has been a resident of the State of California.

4.      This Court has personal jurisdiction over Defendant St. Jude Medical, Cardiology Division, Inc. because they conduct business in the State of California.

5.      This Court has personal jurisdiction over Defendant Abbott Laboratories because they conduct business in the State of California.

6.      Under California Code of Civil Procedure section 395(a), venue is proper in this county because Plaintiff's alleged injuries herein occurred in this county.

7.      The true names and capacities of the defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such defendants by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff believes that all of the Doe defendants are California residents. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

8.      Defendant St. Jude and Defendant Abbott and Doe Defendants are collectively referred to as "Defendant" or "Defendant Employers".

9.      Plaintiff believes that at all times relevant herein, each defendant designated, including Does 1 through 10, was the agent, managing agent, principal, owner, partner, joint venturer, representative, manager, servant, employee, and/or co-conspirator of each of the other defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with

2

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

10.     Defendant, and each of them, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Defendant, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

### ALTER EGO | AGENCY | JOINT EMPLOYER

11.     There exists such a unity of interest and ownership between Defendant Employers that the individuality and separateness of Defendant Employers have ceased to exist.  At all times relevant hereto, Defendant Employers, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendant Employers, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendant Employers.  Whenever and wherever reference is made in this complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

12.     Plaintiff believes that Defendant Employers were both Plaintiff's joint employer and are liable under the joint employer and single enterprise theories.  *See Laird v. Capital Cities*, 68 Cal. App. 4th 727, 737-38 (1998) (four factors to prove single enterprise are "interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control. ... Although courts consider the four factors together, they often deem centralized control of labor relations the most important."); *see also Vernon v. State of California*, 116 Cal. App. 4th 114, 128 (2004) (separate entities can also be deemed a "joint employer" by

3

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

1    having the right to control the employment relationship, as evaluated by focusing on "an

2    examination of defendant's role with respect to the right to hire, fire, transfer, promote, discipline,

3    set the terms, conditions and privileges of employment, train and pay the plaintiff.").

4         13.     Defendant Employers were Plaintiff's employers, joint employers and/or special

5    employers within the meaning of Government Code §§12926 (d), 12940, (a),(h),(1), (h)(3)(A), (i),

6    and, 12950, and regularly employ five (5) or more persons and are therefore subject to the

7    jurisdiction of this Court. Defendant Employers were Plaintiff's employers, joint employers

8    and/or special employers within the meaning of the Labor Code and the applicable Industrial

9    Welfare Commission Order, and are each an "employer or other person acting on behalf of an

10    employer" as such term is used in Labor Code §§ 558 and/or 558.1, and liable to Plaintiff on that

11    basis. Defendant Employers are Plaintiff's joint employers by virtue of a joint enterprise, and

12    that Plaintiff was an employee of Defendant Employers. Plaintiff performed services for each and

13    every one of Defendant Employers, and to the mutual benefit of all Defendant Employers, and

14    all Defendant Employers shared control of Plaintiff as an employee, either directly or

15    indirectly, and the manner in which Defendant Employers' business was and is conducted.

16         14.     Labor Code § 558.1 provides that an employer or "other person acting on behalf of

17    an employer" who violates certain California wage and hour laws "may be held liable as the

18    employer for such violation." Labor Code § 558.1 defines "other person acting on behalf of an

19    employer" as a "natural person who is an owner, director, officer, or managing agent" of the

20    employer. Labor Code § 558.1(b). *See* Labor Code § 558(a) (authorizing civil penalties against

21    "any employer or other person acting on behalf of an employer" who causes overtime pay

22    violations to occur."); *see Atempa v. Pedrazzani,* 27 Cal.App.5th 809, 823-824 (2018); Labor

23    Code § 1197.1 ("Any employer or other person acting either individually or as an officer, agent,

24    or employee of another person" for failure to pay minimum wages."); *see Reynolds v. Bement*, 36

25    Cal.4th 1075, 1089 (2005) ("aggrieved employees may … maintain civil actions to recover such

26    penalties"); *see Reynolds v. Bement*, 36 Cal.4th 1075, 1089, fn. 10 (2005) (alter ego doctrine may

27    be used in wage claim actions to impose liability on controlling directors and shareholders); *see*

28    Government Code § 12925(d) (defining "Person" as one *or more* individuals, partnerships,

COLBY LAW FIRM, PC
13261 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

1  associations, corporations, limited liability companies, legal representatives, trustees, trustees in

2  bankruptcy, and receivers or other fiduciaries).

3      15.     Despite the formation of purported corporate existence, Defendant Employers are,

4  in reality, one and the same, including, but not limited to because:  (a) Defendant Employers are

5  completely dominated and controlled by one another, who personally committed the frauds and

6  violated the laws as set forth in this complaint, and who have hidden and currently hide behind

7  Defendant Employers to perpetrate frauds, circumvent statutes, or accomplish some other

8  wrongful or inequitable purpose; (b) Defendant Employers derive actual and significant monetary

9  benefits by and through one another's unlawful conduct, and by using one another as the funding

10  source for their own personal expenditures; (c) Defendant Employers, while really one and the

11  same, were segregated to appear as though separate and distinct for purposes of perpetrating a

12  fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose; (d)

13  Defendant Employers does not comply with all requisite corporate formalities to maintain a legal

14  and separate corporate existence; (e) the business affairs of Defendant Employers are, and at all

15  times relevant were, so mixed and intermingled that the same cannot reasonably be segregated,

16  and the same are in inextricable confusion.  Defendant Employers are, and at all times relevant

17  hereto were, used by one another as a mere shell and conduit for the conduct of certain of

18  Defendant Employers' affairs, and are, and were, the alter ego of one another.  The

19  recognition of the separate existence of each of the Defendant Employers would not promote

20  justice, in that it would permit Defendant Employers to insulate themselves from liability to

21  Plaintiff for violations of the law.  The corporate existence of Defendant Employers should each

22  be disregarded in equity and for the ends of justice because such disregard is necessary to avoid

23  fraud and injustice to Plaintiff herein.  Accordingly, Defendant Employers constitute the alter ego

24  of one another, and the fiction of their separate corporate existence must be disregarded.

25                  **EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

26      16.     Plaintiff exhausted Plaintiff's administrative remedies by timely filing a complaint

27  for the issues required to be raised herein against Defendant with the California Department of

28

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH, which allowed Plaintiff one year from September 16, 2021, to file this action.

## FACTUAL ALLEGATIONS

17.    **Defendant.**  Defendant Abbott Laboratories operates a multinational medical devices and health care company, including Defendant St. Jude, Medical Cardiology Division, Inc. at 6035 Stoneridge Drive, Pleasanton, California 94588 (the "worksite").

18.    **Plaintiff's Hire.**  On or about October 1, 2015, Defendant hired Plaintiff Bradley Castillo (born 1956) as an employee in the job position of Manager in the Manufacturing Engineer Department to work at the worksite.  Plaintiff's job duties included managing the packaging engineering team and technical writing team.  Throughout Plaintiff's employment, Plaintiff was an exemplary employee, until his wrongful termination on August 12, 2021.

19.    **Plaintiff's Pay.**  Throughout Plaintiff's employment, Defendant classified Plaintiff as an "exempt" employee.  At termination, Defendant paid Plaintiff a base annual salary of $160,000, 15% annual bonus, stock options, and annual salary increases of 2.5% - 3.8%.  Plaintiff's 2020 W-2 shows $202,320.29 in total compensation.

20.    **Plaintiff's Supervisors.**  Upon hire, Director of Manufacturing, ***David Villarreal*** supervised Plaintiff's employment.  On or about December 1, 2020, Director of Operational Excellence, ***Noushin Isadvastar*** became Plaintiff's direct supervisor.  This is when things went downhill.

21.    **Plaintiff's New Supervisor Tries To Push Him Out.**  On or about January 7, 2021, during a conference call, Noushin Isadvastar asked Plaintiff how much longer he was planning on being with the organization.  Plaintiff said that he planned to be with the organization a long while.

22.    On or about January 21, 2021, Noushin Isadvastar issued a counseling letter to Plaintiff about improving on communication, and added extra projects and work to Plaintiff's already full plate.  Plaintiff's communication was strong, and the counseling was without basis.  Other managers were not assigned additional assignments in this manner.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

23.   **Plaintiff Complains About Age Harassment And Discrimination By His New Supervisor.**  On or about January 27, 2021, Plaintiff requested a meeting with Senior HR Manager, *Lidwine Sadki*, about the age harassment and discrimination from Noushin Isadvastar. Instead of addressing the issue, Lidwine Sadki informed Plaintiff that he must contact Abbott HR and request a ticket number.

24.   On or about February 3, 2021, Plaintiff contacted Abbott HR about his age harassment and discrimination complaint against Noushin Isadvastar, and got a ticket number. Plaintiff was told that an investigator would contact him.

25.   **Defendant "Investigates" Plaintiff's Complaint While His New Supervisor Retaliates.**  On or about February 15, 2021, investigator *Narisha Wilson* contacted Plaintiff about his age harassment and discrimination complaint.  Plaintiff conveyed his complaints about Noushin Isadvastar to Narisha Wilson, who asked Plaintiff to email her a list of his concerns, a copy of the counselling letter dated January 21, 2021, and ticket number.

26.   On or about March 2, 2021, Noushin Isadvastar reduced weekly one-on-one meetings with Plaintiff from one hour to 30 minutes.  Defendant's policy was for the meetings to be one hour in length, and Noushin Isadvastar did not shorten the meetings of other employees she supervised.  In fact, Noushin Isadvastar increased her one-on-one weekly meeting time with a younger employee, Staff Packaging Engineer *Kokwai Lai*.

27.   On or about March 15, 2021, Narisha Wilson contacted Plaintiff for a follow-up interview.  Plaintiff informed Narisha Wilson that he was continuing to work with Noushin Isadvastar.

28.   On July 1, 2021, during a weekly one-on-one meeting, Noushin Isadvastar told Plaintiff that Plaintiff's direct subordinate employees should begin reporting to Kokwai Lai.

29.   **Plaintiff's New Supervisor Uses A Mistake On An Expense Report To Fire Plaintiff.**  On or about July 1, 2021, Plaintiff submitted an expense reimbursement request for a going away party for a co-worker.  Plaintiff completed the request accurately except for the job titles and names of individuals listed.

30.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

31.   On July 16, 2021, Noushin Isadvastar told Plaintiff that she had concerns with the expense reimbursement request that Plaintiff had submitted.  Plaintiff asked for the opportunity to fix any errors, but Noushin Isadvastar would not allow it, and instead said that she was going to investigate further, including by forwarding to HR to investigate wrongful conduct.  Plaintiff was surprised and concerned that he was not being given a chance to fix an inadvertent mistake.

32.   On or about July 20, 2021, an investigator from HR (name unknown) called Plaintiff and informed him of three possible disciplinary actions:  (1) send the expense report back for correction; (2) a letter to Plaintiff's personnel file; or (3) termination of employment.  ***The HR investigator said that these three options were being given to Noushin Isadvastar for her to make the decision***.

33.   Plaintiff at that time asked if he could make corrections to the expense report, and the HR investigator said yes.  Plaintiff made the corrections and resubmitted the corrected expense reimbursement request to Noushin Isadvastar, who approved it.

34.   **Defendant Fires Plaintiff The Day After Finding No Evidence of Harassment or Discrimination.**  On or about August 11, 2021, Narisha Wilson called Plaintiff and told him that HR had completed the investigation into Plaintiff's complaint of age harassment and discrimination by Noushin Isadvastar.  Narisha Wilson told Plaintiff that the investigation found no evidence of harassment or discrimination and, therefore, the investigation and ticket were closed.  Plaintiff disagreed with this finding.

35.   On or about August 12, 2021, Plaintiff received a check via Federal Express for the pay period of August 9 through 22, 2021.  Confused, Plaintiff went to his weekly one-on-one meeting with Noushin Isadvastar.  New Project Manager Screenivasa Yanamandra was present at the meeting.  At the meeting, ***Noushin Isadvastar told Plaintiff that Plaintiff was terminated for his "improprieties on the expense report."***  Noushin Isadvastar then requested Plaintiff's badge, keys, credit card, and computer, and escorted Plaintiff out of the building.

36.   On August 15, 2021, Plaintiff requested a copy of his personnel file from Defendant.  Defendant has not provided the personnel file.

8

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

37.     **Wrongful Termination (Discrimination & Retaliation).**  On or about August 12, 2021, Defendant fired Plaintiff.  The Notice of Change in Relationship states, "discharge" as the reason for termination, and Noushin Isadvastar told Plaintiff that the reason was "improprieties on the expense report."  This is false and is a pretext for discrimination and retaliation.

38.     In truth, a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment was Plaintiff's protected class (age) and/or protected conduct (complaints about harassment and discrimination), as alleged herein.  Other similarly situated employees who are not in the same protected class as Plaintiff and/or who did not engage in the same or similar protected conduct as Plaintiff did, in fact, engage in actions similar to Plaintiff and were not terminated for such actions.

**FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

39.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

40.     The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm.  *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980); *see Yau v. Allen*, 229 Cal.App.4th 144, 154 (2014).

41.     Plaintiff is informed and believes that any one of the alleged violations of California statutes and public policy listed herein was a substantial motivating reason for Plaintiff's termination of employment.

42.     The actions of Defendant as alleged herein constitute multiple and independent violations (or were reasonably believed by Plaintiff in good faith to constitute multiple and independent violations) of California statutes and public policy, including:

- California Government Code § 12940(a) (discrimination) (it is unlawful for "an employer, because of the … age … to discharge the person from employment … or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.");

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

- California Government Code § 12940(h) (FEHA retaliation) (it is unlawful employment practice "for an employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part");

- California Government Code § 12940(k) (failure to prevent) (making it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination ... from occurring."); and

- California Labor Code § 1102.5(b) (illegal conduct retaliation) ("An employer ... shall not retaliate against an employee ... because the employer believes that the employee disclosed or may disclose information ... to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance ... if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.").

43.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was harmed, and the termination of employment was a substantial factor in causing Plaintiff's harm.

44.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

45.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated. As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

46.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

limited to Noushin Isadvastar and Narisha Wilson.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)

47.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

48.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

49.     California Government Code § 12940(a) makes it unlawful for "an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

50.     Plaintiff's age was a substantial motivating factor for Defendant's decision to terminate Plaintiff's employment as alleged herein.

51.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

52.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the aforesaid acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

11

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

53.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Noushin Isadvastar and Narisha Wilson.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

54.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## THIRD CAUSE OF ACTION

### RETALIATION FOR HARASSMENT AND/OR DISCRIMINATION COMPLAINTS IN VIOLATION OF GOV'T CODE § 12940(h)

55.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

56.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

57.     California Government Code § 12940(h) makes it unlawful for an "employer … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

58.     During Plaintiff's employment with Defendant, Plaintiff engaged in protected activities and conduct as alleged herein.

59.     Defendant took adverse actions against Plaintiff alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

60.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

61.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated. As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

62.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Noushin Isadvastar and Narisha Wilson. In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294. As such, Plaintiff is entitled to an award of punitive damages.

63.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(k)

64.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

65.     At all times mentioned herein, California Government Code § 12940 *et seq.*, was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

66.     California Government Code § 12940(k) makes it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

67.     Defendant failed to take all reasonable steps necessary to prevent the discrimination that Plaintiff suffered, as alleged herein, and other conduct according to proof.

68.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will

13

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

1  suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial

2  in excess of the jurisdictional minimum of this Court.

3      69.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was

4  and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and

5  aggravated.  As a result of the aforesaid acts of Defendant, Plaintiff suffered harm to their

6  reputation and claims general damages for such mental and physical distress and aggravation in a

7  sum in excess of the jurisdictional minimum of this Court.

8      70.    The actions alleged herein were taken by managing agents and/or officers of

9  Defendant and/or ratified by managing agents and/or officers of Defendant, including but not

10  limited to Noushin Isadvastar and Narisha Wilson.  In so doing, said managing agents and/or

11  officers of Defendant acted with oppression, fraud and malice, as those terms are used in

12  California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

13      71.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced

14  to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to

15  incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'

16  fees and costs under California Government Code § 12965(b).

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5

19      72.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

20      73.    California Labor Code § 1102.5(a) states that an "employer, or any person acting

21  on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy

22  preventing an employee from disclosing information to a government or law enforcement agency,

23  to a person with authority over the employee, or to another employee who has authority to

24  investigate, discover, or correct the violation or noncompliance, or from providing information to,

25  or testifying before, any public body conducting an investigation, hearing, or inquiry, if the

26  employee has reasonable cause to believe that the information discloses a violation of state or

27  federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation,

28  regardless of whether disclosing the information is part of the employee's job duties."

14

Plaintiff's Complaint For Damages

74. California Labor Code § 1102.5(b) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, to a government or law enforcement agency, or because the employer believes that the employee disclosed or may disclose information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

75. California Labor Code § 1102.5(c) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

76. California Labor Code § 1102.5(d) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

77. Plaintiff is informed and believes that Plaintiff's protected conduct as alleged herein was a contributing factor in Defendant's decision to terminate Plaintiff's employment, and Plaintiff alleges that Defendant's conduct was a substantial factor in causing Plaintiff's harm as alleged herein.

78. Plaintiff reasonably believed and continues to believe that each of Plaintiff's complaints related to illegal actions taken by Defendant.

79. As a proximate result of the aforesaid acts, Plaintiff has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial.

80. As a proximate result of the aforesaid acts, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum to be proven at the time of trial.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

81. California Labor Code § 1102.5(f) states that in "addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

82. California Labor Code § 1102.5(j) states that the "court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions." Plaintiff will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

83. The actions alleged herein were taken by managing agents and/or officers of Defendant, including but not limited to Noushin Isadvastar and Narisha Wilson and/or ratified by managing agents and/or officers of Defendant. In so doing, Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294. As such, Plaintiff is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE PERSONNEL FILE IN VIOLATION OF LABOR CODE § 1198.5

84. Plaintiff incorporates by reference all of the preceding and subsequent paragraphs.

85. At all relevant times, Plaintiff was subject to the provisions of the California Labor Code.

86. California Labor Code § 1198.5(c) requires that an employer shall "maintain a copy of each employee's personnel records for a period of not less than three years after termination of employment." Labor Code § 1198.5(c)(3)(A) requires ("[t]he employer shall do all of the following . . .[w]ith regard to former employees, make a former employee's personnel records available for inspection, and, if requested by the employee or his or her representative, provide a copy thereof . . ."). California Labor Code § 1198.5(b) requires that the employer must provide the personnel record within 30 days of the employee making a written request.

87. California Labor Code § 1198.5(k) provides that: "If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in

1    this section, the current or former employee or the Labor Commissioner may recover a penalty of

2    seven hundred fifty dollars ($750) from the employer."

3          88.      California Labor Code § 1198.5(l) provides that "[a] current or former employee

4    may also bring an action for injunctive relief to obtain compliance with this section, and may

5    recover costs and reasonable attorney's fees in such an action."

6          89.      Plaintiff alleges that Defendant failed to provide Plaintiff's personnel file under the

7    time allotted under California law. Plaintiff's authorized representative requested Plaintiff's

8    personnel file and the formal written request was received by Defendant no later than August 15,

9    2021.

10          90.      Plaintiff seeks the penalty of $750, costs of suit, and reasonable attorneys' fees.

11                             **JURY TRIAL DEMANDED**

12          91.      Plaintiff demands a jury as to all causes of action.

14    ///

16    ///

18    ///

17

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

## **PRAYER FOR RELIEF**

92. WHEREFORE, Plaintiff prays judgment against Defendant as follows:

    a.  For general economic damages according to proof;

    b.  For general non-economic damages according to proof

    c.  For special damages according to proof;

    d.  For punitive damages where allowed by law;

    e.  For prejudgment interest pursuant to California Labor Code § 218.6, California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for prejudgment interest;

    f.  For attorneys' fees where allowed by law;

    g.  For costs of suit incurred herein; and

    h.  For such other and further relief as this Court deems just and proper.

DATED: November 29, 2021

COLBY LAW FIRM, PC
AARON N. COLBY

By:_____
                AARON N. COLBY

Attorneys for Plaintiff
BRADLEY CASTILLO

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Aaron Colby (State Bar No. 247339)
Colby Law Firm, PC
13263 Ventura Boulevard, Suite 203, Studio City, California 91604

TELEPHONE NO.: 818.253.1599          FAX NO. *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Bradley Castillo

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/01/2021 at 03:03:53 PM**
By: Curtiyah Ganter, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Oakland - Rene C. Davidson Courthouse

CASE NAME:
Bradley Castillo v. ST. JUDE, MEDICAL CARDIOLOGY DIVISION, INC; ABBOTT LABORATORIES

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter | [ ] Joinder | **21CV003397** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 29, 2021
Aaron Colby
_____          ▶          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OR PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;